# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALVIN ABRAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-1648 (ABJ) |
| SCRIBNER'S INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

*Pro se* plaintiff Alvin Abrams sued defendants, Scribner's Inc. ("Scribner's") and Harold Ober Associates ("HOA"), seeking a judgment that the book *The Great Gatsby* by F. Scott Fitzgerald is no longer under copyright, but rather in the public domain. The Court dismissed the case against defendant Scribner's due to plaintiff's failure to properly serve defendant. The remaining defendant, HOA, has moved for summary judgment, arguing among other things, that plaintiff lacks standing to bring the suit. Plaintiff opposes the motion. For the reasons that follow, the Court will grant defendant's motion and will dismiss the case for lack of subject matter jurisdiction.

## BACKGROUND

On July 6, 2018, plaintiff brought this suit against HOA and Scribner's, seeking a judgment that would allow him to use the text of F. Scott Fitzgerald's *The Great Gatsby*, which he contends belongs "to the public domain." Compl. [Dkt. # 1] ¶¶ 14–15. Plaintiff accuses defendants of "falsely creat[ing] the impression that 'The Great Gatsby' is legally and properly protected in a copyright status," and he complains that their conduct has delayed his publication

of seven books which require "the extensive use of [the book's] original text." *Id.* Plaintiff contends that "after many years of diligent research" he has found "hundreds of secret hidden messages" in the novel, which he wishes to reveal in "anagrammatic translations" for "generations of readers." *Id.* ¶ 14.

After plaintiff filed his complaint, he submitted two supplemental filings seeking default. Aff. by Alvin Abrams [Dkt. # 4]; Aff. for Default by Alvin Abrams [Dkt. # 5]. The Court denied plaintiff's request for default without prejudice on August 21, 2018, because as of that date, plaintiff had not properly served the defendants in accordance to Federal Rule of Civil Procedure 4. Order [Dkt. # 6]. The Court's Order recited the requirements under Rule 4, including the requirement that "plaintiff must serve the summons and complaint within 90 days after the complaint is filed," and that service must be effectuated by a person who is "not a party to the action." *Id.* at 1–2.

Thereafter, plaintiff filed numerous duplicative pleadings concerning his attempts to serve defendants, including a Motion for More Definitive Statements from Defendants. [Dkt. # 10]. The Court denied that motion on August 30, 2018, and again stressed plaintiff's obligation to comply with the requirements of Rule 4. Order [Dkt. # 11]. The Court was clear that plaintiff was required to serve defendants by October 4, 2018 or the Court would dismiss the suit without prejudice pursuant to Rule 4(m). *Id.*

On October 3, 2018, after reviewing an affidavit plaintiff submitted from a professional process server, the Court found that plaintiff had properly served defendant HOA. *See* Min. Order (Oct. 3, 2018); Aff. of Service [Dkt. # 15] at 2. However, the Court noted that proof of proper service was still outstanding as to defendant Scribner's, and it denied plaintiff's motion to order service by the U.S. Marshall. *Id.* The Court re-iterated its warning that failure to properly

serve defendant Scribner's by October 4, 2018 would result in dismissal of the case. Defendant HOA filed an answer to the complaint on October 11, 2018. Answer [Dkt. # 17].

On October 16, 2018, the Court dismissed the suit against Scribner's due to plaintiff's failure to serve defendant properly within 90 days after the complaint was filed pursuant to Rule 4(m). Order [Dkt. # 18]. Plaintiff then filed a motion to recuse the Court from the case. [Dkt. # 24]. The Court denied the motion noting that "the Court has no connection to any party or lawyer in the case that would warrant such an action, nor is there any factual basis to be concerned about the appearance of impropriety in this case notwithstanding any opinions plaintiff may have discovered on the Internet." Min. Order (Oct. 29, 2018). The Court also set forth a briefing schedule, which ordered the remaining defendant, HOA, to file a dispositive motion by November 16, 2018, and plaintiff to file his response by December 7, 2018. *Id.*

HOA filed its motion for summary judgment on November 16, 2018. Def. HOA'S Mot. for Summ. J. [Dkt. # 31] ("Def.'s Mot."). Pursuant to the ruling in *Fox v. Strickland,* 837 F.2d 507 (D.C. Cir. 1988) which requires district courts to take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion, the Court issued an order warning plaintiff that defendant had filed a motion for summary judgment and that "the Court may grant the motion and dismiss the case if plaintiff fails to respond." Order [Dkt. # 33]. The Order also informed plaintiff that his opposition to the motion for summary judgment was due by December 7, 2018, as previously established, and that if he failed to respond by that date the Court may grant the motion and dismiss the case. *Id.*

Plaintiff appealed the Court's denial of his motion to recuse, and filed a motion to stay the briefing schedule pending the appeal. Mot. to Stay Pending Appeal [Dkt. # 34]. The Court denied the motion based on plaintiff's failure to show a likelihood of success on the merits on his

appeal concerning recusal, and it maintained the established briefing schedule. Order [Dkt. # 35].

To date, plaintiff has not filed any pleading formally designated as an opposition. He has been in communication with the Clerk of Court nearly every day, filing duplicative pleadings mostly expressing his disdain for the Court. In a submission received by the Court on November 27, 2018 and docketed on December 11, 2018 though, plaintiff stated that he "replies to Judge Amy B. Jackson's Order requiring his reply to a dispositive motion . . . filed on behalf of defendant Harold Ober Associates, Inc." Mem. in Opp. to Def.'s Mot. [Dkt. # 47] at 2. The document largely repeated plaintiff's unsupported allegations concerning bias on the part of the Court and unfounded accusations that the Court has engaged in improper *ex parte* communications, but it also included several pages entitled, "Response to Defendant HOA's Statement of Material Facts Not in Dispute." *Id.* at 8.

Therefore, in assessing defendant's motion for summary judgment, the Court will consider the motion along with the complaint, the supplementary materials submitted by the plaintiff, plaintiff's November 27 response to the motion for summary judgment, and the entire record in the case, all viewed in the light most favorable to the plaintiff.[1]

---

1   Even if plaintiff had failed to respond at all, the Court could not treat the motion as conceded, but would have to make its own assessment under Federal Rule of Civil Procedure 56. In *Winston & Strawn, LLP v. McLean*, the Court of Appeals held that "[u]nder the Federal Rules of Civil Procedure, a motion for summary judgment cannot be 'conceded' for want of opposition." 843 F.3d 503, 505 (D.C. Cir. 2016). The Court underscored that the "District Court 'must always determine for itself whether the record and any undisputed material facts justify granting summary judgment.'" *Id.*, quoting *Grimes v. Dist. of Columbia*, 794 F.3d 83, 95 (D.C. Cir. 2015).

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## ANALYSIS

Defendant contends that venue is improper in this Court because plaintiff, a Connecticut resident, "fails to state that either of the parties is [a] resident in or doing business in the District of Columbia; or that any of the facts alleged in the Complaint occurred in the District of

Columbia." Def. HOA's Statement of P. & A. in Supp. of its Mot. for Summ. J. [Dkt. # 31-4] ("Def.'s Mem.") at 4.

More importantly, however, defendant argues that plaintiff lacks standing to bring this suit because the "Court cannot grant the relief demanded against HOA." *Id.* at 6. Because "federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "Article III standing is a prerequisite to federal court jurisdiction," *Am. Library Ass'n v. FCC,* 401 F.3d 489, 492 (D.C. Cir. 2005), the Court will begin and end its analysis there.

Article III, section 2 of the Constitution permits federal courts to adjudicate only "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 536 U.S. 125 (2011); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing is a necessary predicate to any exercise of federal jurisdiction, and if it is lacking, then the dispute is not a proper case or controversy under Article III, and federal courts do not have subject matter jurisdiction to decide the case. *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012). "When there is doubt about a party's constitutional standing, the court must resolve the doubt, *sua sponte* if need be." *Lee's Summit v. Surface Transp. Bd.*, 231 F.3d 39, 41 (D.C. Cir. 2000).

To comply with the Article III standing requirements, a plaintiff must show that: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-

81 (2000). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The absence of any one of these three elements defeats standing." *Newdow v. Roberts*, 603 F.3d 1002, 1010 (D.C. Cir. 2010).

Defendant asserts that plaintiff cannot establish the redressability element of standing. Def.'s Mem. at 4. In support of it motion, defendant presents a sworn declaration from Karen Gormandy, the Executive Assistant at HOA Enterprises, Ltd. Decl. of Karen Gormandy [Dkt. # 31-2] ("Decl. Gormandy"). She avers that "HOA ceased acting as agent to the F. Scott Fitzgerald Smith Trust . . . on or about February 9, 2018," approximately four months before plaintiff filed the suit. *Id.* ¶ 4. She explains that "HOA does not act for the Fitzgerald Trust and has no authority to do so," nor does the company have an "ownership interest in the copyright to *The Great Gatsby*." *Id.* ¶¶ 4–6. Accordingly, she declares that "HOA has no authority to grant or deny any license to the copyright in *The Great Gatsby*." *Id.* ¶ 7.

Plaintiff's pleadings, which focus primarily on the Court's alleged improprieties, point to no facts that would give rise to a genuine dispute with respect to defendant's authority over the copyright for *The Great Gatsby*. Buried in his pleadings, plaintiff asserts that the "HOA president, Phyllis Westberg represented to him on numerous occasions after February 9, 2018 that HOA was acting as agent to F. Scott Fitzgerald Smith Trust (the "Fitzgerald Trust") as evidenced by the following email." Pl.'s Opp. at 14. But plaintiff neglects to attach the email, and none of the other emails found elsewhere in the pleadings undermine the Gormandy declaration. At the summary judgment stage of the proceedings, plaintiff "can no longer rest on . . . 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts.'" *Swanson Grp. Mfg. LLC v. Jewell*, 790 F.3d 235, 240 (D.C. Cir. 2015), quoting *Lujan,* 504 U.S.

7

at 561. "Conclusory allegations," such as those raised by plaintiff, are insufficient to establish standing. *Id.*

Because plaintiff has failed to establish redressability, and thus Article III standing, the Court will grant summary judgment in favor of defendant and dismiss the case since it lacks subject matter jurisdiction. The Court agrees with defendant that the alleged injury cannot be "redressed by a favorable decision" in this case because defendant has no authority to grant or deny any license to *The Great Gatsby*. *Friends of the Earth, Inc.*, 528 U.S. at 180-81. Since the absence of this element alone defeats standing, and thus subject matter jurisdiction, the Court need not go further in analyzing the other standing elements or the venue issue. *See Newdow*, 603 F.3d at 1010.

## CONCLUSION

For the reasons stated, defendant's motion for summary judgment is granted and the case will be dismissed with prejudice for lack of subject matter jurisdiction. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: December 27, 2018